UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | CASE Number: 06-50148-01 |
|  | USM Number: |
| **VIVIAN CHEEK** | **Betty Marak (FPD)** |
| (Name of Defendant) | (Defendant's Attorney) |

**THE DEFENDANT:**

[X]  Pleaded guilty to count(s) _____ONE_____

[ ]  pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ]  Was found guilty on count(s) _____ after a plea of not guilty.

**Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 641 | LARCENY | 08-10-06 | ONE |

The defendant is sentenced as provided in pages 2 through __2__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) _____.

[ ]  Count(s) __ (is) (are) dismissed on motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**May 15, 2007**
**Date of Imposition of Judgment**

**Mark L. Hornsby, United States Magistrate Judge**
**Name and Title of Judicial Officer**

**May 23, 2007**
**Date Signed**

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

AO 245B (REV. 6/05) SHEET 4 - PROBATION

**DEFENDANT:      VIVIAN CHEEK**  
**CASE NO.:       06-50148-01**

JUDGMENT PAGE  2  OF  2

## PROBATION

**The defendant is sentenced to probation for a term of:**

### ONE YEAR UNSUPERVISED PROBATION

1. The Defendant shall pay to the United States a fine in the amount of $350, payable through the U.S. Clerk of Court. All monetary payments are due in full by July 26, 2007, or the Defendant is ordered to report to this Court on August 10, 2007, at 02:00 p.m., for further sentencing.

2. The Defendant is ordered to pay a special assessment of $25 to the U.S. Clerk of Court.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

[ ]   The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

Defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;
(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3)    The defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation officer;
(4)    The defendant shall support his or her dependents and meet other family responsibilities;
(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11)   The defendant shall notify the probation officer with seventy-two hours of being arrested or questioned by a law enforcement officer;
(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification required.